FILED

NOV 1 2 2019

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| DIVERSE ENTERPRISES, LTD. CO., LLC; <br> QUICK-SOL GLOBAL, LLC; AND <br> LAWRENCE P. LANCASTER, Individually <br><br> Plaintiffs/Counter-Defendants, <br><br> AND <br><br> MANAGERIAL RESOURCES, INC.; <br> AND STEPHEN MARTIN, Individually <br><br> Counter-Defendants, <br><br> v. <br><br> BEYOND INTERNATIONAL, INC.; AND <br> PABLO GOMEZ, Individually <br><br> Defendants/Counter-Plaintiffs. | Civil No. 5:16-cv-01036-RCL |

## MEMORANDUM OPINION

Now before the Court are plaintiffs/counter-defendants' motions to lift the current stay, confirm the arbitration award, and issue a protective order. For the reasons that follow, the Court will lift the stay and confirm the arbitration award, but it will deny plaintiffs/counter-defendants' motion for a protective order as moot.

By Orders dated September 22, 2017, and May 10, 2018, the Court ordered all claims by and between the parties in this case to be submitted to arbitration with the American Arbitration Association ("AAA"). ECF Nos. 41, 44. The orders stayed this case pending final resolution of the arbitration proceeding.

1

On April 17, 2019, the three-member Arbitration Panel issued its Final Award in favor of plaintiffs/counter-defendants, thereby resolving all claims. Mot. Confirm Arbitration Award Ex. 2 at 14–15, ECF No. 45. Two days later, plaintiffs/counter-defendants moved to confirm the award, but defendants/counter-plaintiffs objected because they had timely requested a modification of the award under AAA Commercial Rule 50. Resp. Mot. Confirm Arbitration Award 1–2, ECF No. 46. On May 15, 2019, the Arbitration Panel denied defendants/counter-plaintiffs' motion for modification and reaffirmed the finality of its award. Notice of Filing Order Ex. 1, ECF No. 49 ("[The Final Award] is reaffirmed and remains in full force and effect."). Because the award is final and no other proceedings remain pending before the Arbitration Panel, the Court will grant plaintiffs/counter-defendants' motion to lift the current stay and reopen the case administratively.

Despite the Arbitration Panel's denial of the motion to modify the award, defendants/counter-plaintiffs ask the Court to either vacate or modify the Arbitration Panel's award of attorneys' fees. Second Resp. Mot. Confirm Arbitration Award 4, ECF No. 53. Defendants/counter-plaintiffs argue that the Arbitration Panel should not have calculated attorneys' fees based on the rate of $400 per hour—a figure which both parties agreed to being reasonable. *See id.* at 1–4. According to defendants/counter-plaintiffs, counsel for plaintiffs/counter-defendants failed to adequately disclose that they charged $225 per hour for their services.[1] *Id.* at 2–3. Defendants/counter-plaintiffs seek to prevent plaintiffs/counter-defendants from using arbitration to unfairly profit from allegedly inflated legal fees. *Id.*

---

[1] The Court disagrees with defendants/counter-plaintiffs' characterization of the events. Defendants/counter-plaintiffs acknowledge that the fee arrangement was turned over, albeit within thousands of pages of discovery made over a year before the Arbitration Panel's calculation of reasonable attorneys' fees. Second Resp. Mot. Confirm Arbitration Award 2. In any event, this dispute does not affect the Court's decision to confirm the Final Award.

2

The Court may vacate an arbitration award under the Federal Arbitration Act ("FAA") only under very narrow circumstances:

> (1) [W]here the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Similarly, the Court may modify an arbitration award under the FAA under limited circumstances:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award. (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted. (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

The Court's review of the Final Award must be "exceedingly deferential" to the Arbitration Panel. *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 380 (5th Cir. 2004); *see also Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 476 F.3d 278, 280 (5th Cir. 2007) ("To assure that arbitration serves as an efficient and cost-effective alternative to litigation, and to hold parties to their agreements to arbitrate, the FAA narrowly restricts judicial review of arbitrators' awards.").

Defendants/counter-plaintiffs argue that the arbitrators "exceeded their powers" under § 10(a)(4) by failing to modify the Final Award upon being presented with evidence that plaintiffs/counter-defendants' attorneys' fees were only $225 per hour. Second Resp. Mot. Confirm Arbitration Award 4 (quoting *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d

3

469, 472 (5th Cir. 2012)). The Court disagrees. Defendants/counter-plaintiffs point out that "[a]rbitration is a matter of contract," and that arbitrators exceed their powers when they act "contrary to express contractual provisions." *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007) (quoting *Delta Queen S.B. Co. v. Dist. 2 Marine Eng'rs & Beneficial Assn.*, 889 F.2d 599, 604 (5th Cir. 1989)); *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002). Furthermore, "[i]f the contract creates a plain limitation on the authority of an arbitrator, [the Court] will vacate an award that ignores the limitation." *Apache*, 480 F.3d at 401. Those contractual limitations on arbitrators' authority "must be plain and unambiguous," and a court reviewing whether the arbitrators exceeded their authority "must resolve all doubts in favor of arbitration." *Id.* at 404; *Brook*, 294 F.3d at 672 (citing *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1320–21 (5th Cir. 1994)).

Accordingly, the Court may vacate the final award under § 10(a)(4) only if it finds that the Arbitration Panel ignored some plain and unambiguous contractual limitation on its authority. The 2004 Distribution Agreement—which vests the Arbitration Panel with the authority to resolve the parties' claims—states that "the prevailing party shall be entitled to recover from the other party its reasonable attorneys' fees (both trial and appellate) and related costs & expenses." Distribution Agreement 10, ECF No. 23-1. This clause does not plainly and unambiguously create a limitation on the Arbitration Panel's authority to determine reasonable attorneys' fees.

But defendants/counter-plaintiffs claim that the Arbitration Panel exceeded its authority by not modifying its award in accordance with the $225-per-hour fee arrangement. Second Resp. Mot. Confirm Arbitration Award 4. This argument also fails because nothing in the fee arrangement plainly and unambiguously creates a limitation on the Arbitration Panel's authority

4

to determine reasonable attorneys' fees.[2] Because defendants/counter-plaintiffs cannot point to any contractual provisions that plainly and unambiguously create a limitation on the Arbitration Panel's authority to determine reasonable attorneys' fees, the Court must defer to the Arbitration Panel and decline to vacate the Final Award.

Finally, defendants/counter-plaintiffs argue that the Court should modify the Final Award based on "an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." Second Resp. Mot. Confirm Arbitration Award 4 (citing 9 U.S.C. § 11(a)). This argument also has no merit. An "evident material miscalculation" is a miscalculation that is caused by an arbitrator's "strong reliance" on an "unambiguous and undisputed mistake of fact." *Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210, 214 (5th Cir.) (quoting *Nat'l Post Office Mailhandlers v. U.S. Postal Serv.*, 751 F.2d 834, 843 (6th Cir. 1985)), *cert. denied*, 509 U.S. 923 (1993). No such miscalculation occurred here. The Arbitration Panel reasonably relied on the parties' stipulation that attorneys' fees ranging from $200 to $400 would be reasonable. *See* Mot. Confirm Arbitration Award Ex. 2 at 12–14. That reliance was proper and not deserving of any modification under the FAA. Accordingly, the Court must defer to the Arbitration Panel and decline to modify the Final Award.

Because defendants/counter-plaintiffs' challenges to the Final Award have no merit, the Court adopts the Arbitration Panel's findings and conclusions and will grant plaintiffs/counter-defendants' motion to confirm the Final Award.

---

[2] Furthermore, the fee arrangement is not as straightforward as defendants/counter-plaintiffs claim it is. The $225-per-hour rate was a reduced rate based upon the attorneys also receiving 2% of the selling price of Diverse Enterprises, should it be sold. Second Resp. Mot. Confirm Arbitration Award Ex. C at 2.

In confirming the Final Award, the Court resolves all remaining issues in this case. Accordingly, the Court will deny plaintiffs/counter-defendants' motion for a protective order as moot.

It is **SO ORDERED**.

SIGNED this 12th day of November, 2019.

_____
Royce C. Lamberth
United States District Judge